IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUN 13  PM 2: 38
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

MARTIN LEE KENNEDY,
                    Petitioner,

-vs-                                                        Case No.  A-14-CA-448-SS

WILLIAM   STEPHENS,   Director,   Texas
Department   of   Criminal   Justice-Correctional
Institutitons Division,
                    Respondent.

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Martin Lee Kennedy's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1], the Report and Recommendation of the United States Magistrate Judge [#5], and Kennedy's Objections [#8]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the Magistrate Judge's recommendations and DISMISSING the petition.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Kennedy is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79

F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

On November 27, 2007, Kennedy was convicted of burglary of a habitation with commission of assault and sentenced to forty years in prison by the 403rd Judicial District Court of Travis County, Texas. Kennedy did not appeal his conviction. Kennedy executed his first state application for habeas corpus relief on September 1, 2009. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on January 13, 2010. *Ex parte Kennedy*, Appl. No. 11,584-08. Kennedy executed his second state habeas application on April 19, 2013. The Texas Court of Criminal Appeals dismissed the application as successive on June 12, 2013. *Id.*, Appl. No. 11,584-11.

Kennedy executed his federal petition on May 1, 2014. Kennedy raises the following grounds for relief: (1) he is actually innocent, based on newly discovered evidence showing he received ineffective assistance of counsel and was denied a fair trial by the prosecution; and (2) his conviction violates the Double Jeopardy Clause.

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). More specifically, § 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

-2-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period may be tolled if the petitioner properly files a state application for habeas corpus relief. 28 U.S.C. § 2244(d)(2).

Kennedy's conviction became final, at the latest, on December 27, 2007, at the conclusion of time during which Kennedy could have appealed his conviction. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Kennedy therefore had until December 27, 2008 to timely file his federal petition. Kennedy executed his federal petition on May 1, 2014, long after the limitation period expired. Kennedy's state habeas corpus applications did not operate to toll the limitation period because they were also filed after the limitation period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Kennedy argues he can overcome AEDPA's limitation period by a showing of actual innocence.[1] *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931–32 (2013). Under *McQuiggin*,

---

[1] Kennedy may also be arguing he could not have learned the factual predicates of his claims earlier because he needed additional time to conduct legal research. Kennedy does not explain what facts he could not have known or discovered within the limitation period. Kennedy's stated need to perform legal research does not provide a basis for avoiding AEDPA's limitation period. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (equitable tolling of AEDPA's statute of limitations is only available "in rare and exceptional circumstances"); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("First, ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.").

Kennedy's burden is to present new, reliable evidence to "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 1935 (internal quotation marks omitted). Kennedy's petition and his objections present no evidence whatsoever. At most, Kennedy's objections generally list evidence he contends was improperly withheld from the jury. *See* Objections [#8], at 2 (referring to "exculpatory evidence such as the officials police reports and witness statements, investigative reports, D.N.A analysis, finger prints, hair, and blood samples"). Kennedy neither provides this evidence nor explains how any of it would demonstrate his innocence. Kennedy has failed to meet his heavy burden of showing actual innocence under *McQuiggin*.

Finally, the record does not reflect any unconstitutional state action impeded Kennedy from filing for federal habeas corpus relief before the limitation period expired. *See* 28 U.S.C. § 2244(d)(1)(B). Nor do the claims raised by Kennedy concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See id.* § 2244(d)(1)(C).

### Conclusion

The Court agrees with the Magistrate Judge: Kennedy's petition is time-barred by AEDPA and must be DISMISSED WITH PREJUDICE.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Kennedy's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that Petitioner Martin Lee Kennedy's Objections [#8] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#5] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Martin Lee Kennedy's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DISMISSED WITH PREJUDICE as time-barred;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the _13th_ day of June 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

448 2254 ord kkt.frm